IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01061-ZLW

TONY E. POWELL,

    Plaintiff,

v.

J. WILNER, (S.I.A.),
MR. RIOS, (Warden),
MR. KRIST, (Seg. Lieutenant),
MR. ROMERO, (Property Officer), and
MR. DUNLAP (DHO Hearing Officer),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 9 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING SECOND MOTION TO RECONSIDER

---

Plaintiff Tony E. Powell filed *pro se* on July 21, 2006, a motion titled "Motion to Alter or Amend Judgement [sic]," in which he asked the Court to reconsider and vacate the Order and Judgment of Dismissal filed on July 14, 2006. In an order entered on July 27, 2006, and filed on July 28, 2006, the Court denied the motion. Then on July 25, 2006, Mr. Powell filed *pro se* a document titled "Petition for Reconsideration Pursuant to Rule 60(B) [sic]."

In the July 25, 2006, petition, Mr. Powell again asks the Court to reconsider and vacate the Order and Judgment of Dismissal filed on July 14, 2006. The Court must construe the petition liberally because Mr. Powell is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will treat the petition as a second motion to reconsider.

For the reasons stated in the July 28, 2006, order denying reconsideration and reiterated below, the second motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Powell filed the motion to reconsider within ten days after the July 14, 2006, Order and Judgment of Dismissal. Therefore, the Court will consider the second motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the complaint and the instant action without prejudice for failure to cure the designated deficiencies. The Court specifically determined that Mr. Powell failed to submit a certified account statement. The reasons for the dismissal are discussed in detail in the Order and Judgment of Dismissal filed on July 14, 2006.

Upon consideration of the second motion to reconsider and the entire file, the Court again finds that Mr. Powell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

Mr. Powell does not allege the existence of any new law or evidence, and the Court remains convinced that Mr. Powell failed to submit a properly certified copy of his

trust fund account statement. Therefore, the second motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Petition for Reconsideration Pursuant to Rule 60(B) [sic]" that Plaintiff Tony E. Powell filed *pro se* on July 25, 2006, and which the Court has treated as a second motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __8__ day of ____Aug____, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01061-BNB

Tony E. Powell
Reg. No. 61525-080
USP – Florence
PO Box 7000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/9/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk